```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


MARK R. PERRY,                     )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      No. 4:08 CV 415 DDN
                                   )
TROY STEELE,                       )
                                   )
            Respondent.            )
```

**MEMORANDUM**

This action is before the court upon the petition of Missouri state prisoner Mark R. Perry for a writ of habeas corpus under 28 U.S.C. § 2254. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I. BACKGROUND**

On August 26, 2005, petitioner Mark R. Perry was sentenced to concurrent terms, in the Missouri Department of Corrections (MDOC), of five years imprisonment for first degree tampering, three years for felony theft, and four years for escape. (Doc. 16 at 1.)

On August 14, 2007, petitioner was charged with violating Institutional Rules 19.1, 2.2, and 32.1, creating a disturbance, attempting to assault a correctional officer, and a sanitary regulation violation, respectively. (Doc. 1 at 34-35, 37.) The Conduct Violation Report describes the event as attempting to throw an unknown substance[1] at a correctional officer. (Id. at 34.) Perry claimed to be suicidal and was separated from his cellmate and placed in a suicidal cell. He was removed from the suicidal cell on August 16, 2007. (Id. at 17-18.)

On August 27, 2007, Administrative Disciplinary Hearing Officer Brandy Merideth found petitioner guilty of the charges. The Hearing

---

[1]The officer described the "unknown substance" as urine. (Doc. 1 at 34). Later, in the Disciplinary Report, the officer stated that the "subject threw an unknown liquid substance, which he later admitted to be urine." (Id. at 33.)

Officer recommended thirty days in disciplinary segregation, running from November 30 to December, 30, 2007. (Id. at 36.)

On September 24, 2007, petitioner filed an Informal Resolution Request with Brandy Merideth in her capacity now as an Administrative Grievance Process Officer. In the request, petitioner alleged a violation of his due process rights when Merideth as Disciplinary Hearing Officer did not interview his requested witness, his cellmate, W.T. Lakes. The petitioner alleges that his cellmate was responsible for the incident that occurred on August 14. (Id. at 2, 22.)

On September 27, 2007, petitioner filed a second grievance with Administrative Grievance Process Officer defendant Troy Steele. He requested that Officer Steele consider his cellmate's sworn affidavit attesting to his innocence and, therefore, overturn officer Merideth's decision. On October 25, 2007, the grievance was denied. (Id. at 2, 20.)

On November 13, 2007, petitioner appealed the decisions to the Administrative Offender Grievance Appeal. The Deputy Division Director denied the appeal and recommended thirty days in disciplinary segregation beginning on February 16, 2008, and requested no conditional extension. The officer noted and considered Perry's request for a witness. (Id. at 20, 33.)

On January 10, 2008, petitioner filed a petition for a writ of habeas corpus with the Circuit Court of Mississippi County, Missouri. (Id. at 27) In his petition, he requested that the court overturn the conduct violation, and that the charges be dismissed and expunged from his record. (Id. at 20.) On January 22, 2008, the petition was denied. (Id. at 28-29.) Petitioner did not seek relief from an appellate court.

On March 24, 2008, petitioner filed his petition for a writ of habeas corpus with this court.

## II. MOTION FOR DEFAULT JUDGMENT

On July 9, 2008, this court issued an amended case management order. In the order, the court noted that the original case management order had never been served on the respondent, and therefore granted the respondent

forty-five days to file a response to show cause why the petitioner's habeas petition should not be granted. (Doc. 9.)

On July 10, 2008, petitioner filed a motion for default judgement alleging that respondent failed to timely respond to the petition. Petitioner argued the court should grant the motion for default judgment, overturn the charges, and reinstate an earlier conditional release. (Doc. 10 at 2.)

On August 22, 2008, respondent filed a motion for an extension of time in which to respond to the petitioner's habeas petition. (Doc. 13.) The court sustained this motion. (Doc. 14.) On September 10, 2008, respondent filed a timely response to plaintiff's habeas petition. (Doc. 16.)

The original case management order was never served on the respondent. Once the respondent received the amended case management order, the respondent filed a timely response to the petitioner's habeas petition. As a result, the petitioner's motion for default judgment is moot.

### III. PETITIONER'S MOTION FOR DISCOVERY

On September 18, 2008, petitioner filed a motion for discovery by subpoena duces tecum (Doc. 17). In the motion, he requested this court to order the respondent and other prison officials to produce documents related to their employment with the Missouri Department of Corrections, and any documents related to promotions, demotions, disciplinary actions, mental health, Informal Resolution Requests, grievances, grievance appeals, responses to complaints, as well as other information. Petitioner argues that these documents are relevant to his petition and that he cannot adequately reply to respondent's opposition without these documents. (Doc. 17.)

Petitioner has already attached a number of the requested documents to his habeas corpus petition. In addition, petitioner has since filed a reply to the respondent's opposition. (Doc. 18.)

Petitioner's motion for discovery by subpoena duces tecum is moot.

## IV. PETITIONER'S GROUND FOR HABEAS CORPUS RELIEF

Petitioner's pro se habeas corpus petition in this court is difficult to interpret. The facts and claims he states in his petition form appear somewhat inconsistent with his attached statement of facts. From this record, the court concludes that petitioner claims that during the Prison Administrative Procedure, Superintendent Troy Steele violated his due process rights when he did not overturn Officer Brandy Merideth's decision, after receiving W.T. Lake's affidavit with exculpatory evidence of the incident that placed him in thirty days of disciplinary segregation.[2] The relief he seeks from this court is an order overturning the administrative disciplinary decision. He believes that an overturned decision may release him earlier from custody. (Doc. 1 at 21).

## V. PURPOSE OF HABEAS CORPUS

Respondent contends that habeas corpus under 28 U.S.C. § 2254 is not the appropriate procedure for litigating Perry's claim, because Perry is not challenging the legality of his incarceration or the duration of his sentence.

Under 28 U.S.C. § 2254(a), a district court may entertain an application for a writ of habeas corpus on behalf of a person pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution, or the laws or treaties of the United States. See 28 U.S.C. § 2254(a). Furthermore, if a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement and the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) are applicable. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); see also Archuleta v. Hedrick, 365 F.3d 644, 647 (8th Cir. 2004) ("If the

---

[2]Perry also claims that officer Meridith erred when she refused to interview his requested witness, W.T. Lakes. (Doc. 1 at 22.) Perry has a common claim against both officers, but only Troy Steele was designated as a defendant.

state prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."). Indeed, the Supreme Court has never held that a prisoner may bring a habeas claim based on special disciplinary confinement imposed for infractions of prison rules, if that confinement had no effect on the incarceration ordered by the prisoner's original criminal judgment of conviction. Scott v. Norris, No. 5:06 CV 212 JWC, 2007 WL 521149, at *2 (E.D. Ark. Feb. 15, 2007).

In Preiser, the Supreme Court delineated what constitutes a habeas corpus action as opposed to a claim under 42 U.S.C. § 1983. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484. If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. Id. at 499. As the Eighth Circuit stated:

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue writ.

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996). In such a case the district must dismiss the action for lack of subject matter jurisdiction. Id.

In the present case, petitioner Perry is claiming that an improper decision placed him in disciplinary segregation and the time he spent there should be disregarded and expunged from his record, and hence he should be released earlier.

Petitioner's contention is without merit because placing a prisoner in disciplinary segregation does not affect the duration of his sentence; it involves only an alteration to the conditions of the confinement. Sandin v. Conner, 515 U.S. 472, 486-87 (1995); Wolff v. McDonnell, 418 U.S. 539, 547 (1974); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996). In other words, there is no time to be restored as in the case

of a punishment concerning the forfeiture or withholding of good-time credits, which affects the term of confinement. Wolff, 418 U.S. at 547.

Under section 217.375 of the Missouri Revised Statutes, the only purpose of disciplinary segregation is to separate an inmate when he is

> an immediate security risk, or [he] is violent, struggling and creating sufficient disturbance to indicate he is not in control of himself, or [he] is physically violent, or [he] is in urgent need to be separated from others for his own safety or that of others, or for the security and good order of the correctional facility . . . .

Mo. Rev. Stat. § 217.375.1; State ex rel. Haley v. Groose, 873 S.W.2d 221, 223 (Mo. 1994).

Therefore, where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks subject matter jurisdiction to issue a writ under § 2254. In the present case, the district court must dismiss the petition for a writ of habeas corpus for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Kruger v. Erickson, 77 F.3d at 1073.

## VI. CONCLUSION

Because Perry does not challenge the validity of his sentence or the length of his state custody, the district court lacks subject matter jurisdiction to issue a writ of habeas corpus. The petition for a writ of habeas corpus is denied. The motions for default judgment and discovery are also denied. An appropriate order is issued herewith.

　　　　　　　　　　　　　　　　　　/S/   David D. Noce　　　　　
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on November 14, 2008.